WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
**JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1414
Email: Joshua.Hurwit@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

WILDEARTH GUARDIANS, CASCADIA WILDLANDS, BOULDER-WHITE CLOUDS COUNCIL, KOOTENAI ENVIRONMENTAL ALLIANCE, PREDATOR DEFENSE, CENTER FOR BIOLOGICAL DIVERSITY, WESTERN WATERSHEDS PROJECT, and PROJECT COYOTE,

Plaintiffs,

v.

JOE KRAAYENBRINK, in his official capacity; UNITED STATES BUREAU OF LAND MANAGEMENT, a federal agency; CHARLES A. MARK, in his official capacity; and UNITED STATES FOREST SERVICE, a federal agency,

Defendants.

Case No. 1:14-CV-00488-REB

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Joe Kraayenbrink, United States Bureau of Land Management, Charles A. Mark, and United States Forest Service (collectively, "Defendants") hereby answer the

allegations contained in Plaintiffs' Second Amended Complaint For Declaratory And Injunctive Relief, filed March 16, 2015 (ECF No. 23), as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence. All allegations of the Complaint that are not specifically admitted, denied or qualified are hereby expressly denied.

**INTRODUCTION**

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case and the nature of the action, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 constitute Plaintiffs' characterization of their request for relief, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 2.[1]

3. The allegations in Paragraph 3 constitute Plaintiffs' characterization of their request for relief, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 constitute Plaintiffs' characterization of their request for relief, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 4.

---

[1] Plaintiffs' repeated allegation that the Idaho for Wildlife event is a "carnivore killing contest" is Plaintiffs' characterization of the Idaho for Wildlife event, to which no response is required. To the extent that a response is required, Defendants deny this allegation. Defendants hereby incorporate this response into all of its responses to paragraphs containing the term "carnivore killing contest."

5. The allegations in Paragraph 5 constitute Plaintiffs' characterization of their request for relief, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 5.

6. The allegations in Paragraph 6 constitute Plaintiffs' characterization of their request for relief, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 6.

7. The allegations in Paragraph 7 constitute Plaintiffs' characterization of their request for relief, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 7.

**JURISDICTION AND VENUE**

8. The allegations in sentences 1, 2, and 3 in Paragraph 8 constitute Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentences 1, 2, and 3 of Paragraph 8. Defendants deny the allegations in sentence 4 in Paragraph 8. Defendants deny the allegations in sentence 5 in Paragraph 8. The allegations in sentence 6 in Paragraph 8 constitute Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentence 6 in Paragraph 8.

9. The allegations in sentence 1 in Paragraph 9 constitute Plaintiffs' legal conclusions regarding venue, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentence 1 in Paragraph 9. Defendants lack sufficient information or belief to admit or deny the allegations in sentence 2 in Paragraph 9. To the extent that a further response is required, Defendants deny the allegations in sentence 2 in

Paragraph 9 as vague and conclusory. Defendants admit the allegation in sentence 3 in Paragraph 9. Defendant denies the allegation in sentence 4 in Paragraph 9.

10. The allegations in Paragraph 10 constitute Plaintiffs' legal conclusions regarding venue, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 10.

**PARTIES**

11. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1, 2, and 3 in Paragraph 11. The allegations in sentence 4 in Paragraph 11 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentence 4 in Paragraph 11. Defendants deny the allegations in sentences 5 and 6 in Paragraph 11.

12. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1, 2, and 3 in Paragraph 12. The allegations in sentence 4 in Paragraph 12 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentence 4 in Paragraph 12. Defendants deny the allegations in sentences 5 and 6 in Paragraph 12.

13. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1 and 2 in Paragraph 13. Defendants admit the allegations in sentence 3 in Paragraph 13. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 4, 5, and 6 in Paragraph 13. Defendants admit the allegations in sentences 7 and 8 in Paragraph 13. Defendants lack sufficient information or belief to admit or deny the allegation in sentence 9 regarding the activities of members of the Boulder-White Clouds Council but admit the remaining allegation in sentence 9 in Paragraph 13. Defendants lack sufficient information or

belief to admit or deny the allegations in sentence 10 in Paragraph 13. The allegations in sentence 11 in Paragraph 13 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentence 11 in Paragraph 13. Defendants deny the allegations in sentences 12 and 13 in Paragraph 13.

14. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1, 2, 3, 4, and 5 in Paragraph 14. The allegations in sentence 6 in Paragraph 14 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentence 6 in Paragraph 14. Defendants deny the allegations in sentences 7 and 8 in Paragraph 14.

15. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1, 2, 3, 4, 5, 6, 7, and 8 in Paragraph 15. The allegations in sentence 9 in Paragraph 15 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendants deny the allegations in sentence 9 in Paragraph 15. Defendants deny the allegations in sentences 10 and 11 in Paragraph 15.

16. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1, 2, and 3 in Paragraph 16. Defendants deny the allegations in sentences 4 and 5 in Paragraph 16.

17. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1, 2, and 3 in Paragraph 17. Defendants deny the allegations in sentences 4 and 5 in Paragraph 17.

18. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 1, 2, 3, and 4 in Paragraph 18. Defendants deny the allegations in sentences 5 and 6 in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 20.

21. The allegation in sentence 1 in Paragraph 21 constitutes Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendants admit the allegation in sentence 1 in Paragraph 21. Defendants admit the allegation in sentence 2 in Paragraph 21. Defendants deny the allegations in sentence 3 in Paragraph 21.

22. Defendants admit the allegations in sentences 1 and 2 in Paragraph 22. Defendants deny the allegation in sentence 3 in Paragraph 22.

23. The allegation in sentence 1 in Paragraph 23 constitutes Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendants admit the allegation in sentence 1 in Paragraph 23. Defendants deny the allegations in sentences 2 and 3 in Paragraph 21.

24. Defendants admit the allegations in sentences 1 and 2 in Paragraph 24. Defendants deny the allegation in sentence 3 in Paragraph 24.

## STATUTORY AND REGULATORY BACKGROUND

**The National Environmental Policy Act**

25. The allegations in Paragraph 25 constitute Plaintiffs' characterization of the National Environmental Policy Act ("NEPA"), to which no response is required. To the extent

that a response is required, Defendants deny any allegation inconsistent with that statute's plain language meaning, and context.

26. The allegations in Paragraph 26 constitute Plaintiffs' characterization of NEPA, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with that statute's plain language meaning, and context.

27. The allegations in Paragraph 27 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

28. The allegations in Paragraph 28 constitute Plaintiffs' characterization of NEPA, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with that statute's plain language meaning, and context.

29. The allegations in Paragraph 29 constitute Plaintiffs' characterization of NEPA, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with that statute's plain language meaning, and context.

30. The allegations in Paragraph 30 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

31. The allegations in Paragraph 31 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

32. The allegations in Paragraph 32 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

33. The allegations in Paragraph 33 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

34. The allegations in Paragraph 34 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

35. The allegations in Paragraph 35 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

36. The allegations in Paragraph 36 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

**The Administrative Procedure Act**

37. The allegations in Paragraph 37 constitute Plaintiffs' characterization of the Administrative Procedure Act ("APA"), to which no response is required. To the extent that a

response is required, Defendants deny any allegation inconsistent with that statute's plain language meaning, and context.

**Applicable BLM Regulations**

38.     The allegations in Paragraph 38 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

39.     The allegations in Paragraph 39 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

40.     The allegations in Paragraph 40 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

41.     The allegations in Paragraph 41 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

**Applicable Forest Service Regulations**

42.     The allegations in Paragraph 42 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and

context.

43. The allegations in Paragraph 43 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

44. The allegations in Paragraph 44 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

45. The allegations in Paragraph 45 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

## FACTS

46. Defendants admit the allegations in sentences 1 and 2 in Paragraph 46. The allegations in sentence 3 in Paragraph 46 constitute Plaintiffs' characterization of public lands surrounding Salmon, Idaho, to which no response is required. Defendants admit the allegations in sentences 4, 5, and 6 in Paragraph 46. Defendants lack sufficient information or belief to admit or deny the allegations in sentence 7 in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

**Idaho for Wildlife's 2013 Carnivore Killing Contest**

48. Defendants admit the allegations in sentence 1 in Paragraph 48. Defendants lack sufficient information or belief to admit or deny the allegations in sentence 2 in Paragraph 48.

Defendants admit the allegations in sentences 3 and 4 in Paragraph 48.

49. Defendants admit the allegations in sentence 1 in Paragraph 49. Defendants deny the allegations in sentences 2 and 3 in Paragraph 49.

50. Defendants admit the allegations in Paragraph 50.

51. Defendants admit the allegations in sentences 1 and 2 in Paragraph 51. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 3 and 4 in Paragraph 51.

**Idaho For Wildlife's 2015 Carnivore Killing Contest**

52. Defendants admit the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants admit the allegation in Paragraph 54 that Idaho for Wildlife submitted an application to the Forest Service on or about August 7, 2014. The allegation in Paragraph 54 that the application was for a "carnivore killing contest" is Plaintiff's characterization of Idaho for Wildlife's application, to which no response is required. To the extent that a response is required, Defendants deny this allegation.

55. Defendants admit the allegations in Paragraph 55.

56. Defendants admit the allegations in Paragraph 56.

57. Defendants admit the allegations in Paragraph 57.

58. Defendants admit the allegations in Paragraph 58.

59. Defendants admit the allegations in Paragraph 59.

60. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 60.

61. Defendants lack sufficient information or belief to admit or deny the allegations in

Paragraph 61.

62. Defendants admit the allegations in Paragraph 62.

63. Defendants admit the allegations in Paragraph 63.

64. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 64.

65. The allegation in sentence 1 in Paragraph 65 as vague and Defendants deny it on that basis. To the extent that the allegation in sentence 1 in Paragraph 65 refers to prior iterations of the Idaho for Wildlife predator hunting event, Defendants deny the allegation. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 2 and 3 in Paragraph 65.

66. Defendants admit the allegations in Paragraph 66.

67. The allegation in sentence 1 in Paragraph 67 as vague and Defendants deny it on that basis. To the extent that the allegation in sentence 1 in Paragraph 67 refers to prior iterations of the Idaho for Wildlife predator hunting event, Defendants deny the allegation. Defendants lack sufficient information or belief to admit or deny the allegations in sentences 2 and 3 in Paragraph 67.

68. Defendants admit the allegation in Paragraph 68.

69. Defendants lack sufficient information or belief to admit or deny the allegation in sentence 1 in Paragraph 69 that Idaho for Wildlife desires to hold an annual predator hunting derby event. Defendants admit the allegation in sentence 1 in Paragraph 69 that the BLM has no granted a special recreation permit for the Idaho for Wildlife predator hunting event in 2013, 2014, or 2015. Defendants deny the allegations in sentences 2 and 3 in Paragraph 69.

70. The allegations in paragraph 70 are Plaintiffs' stated beliefs, to which no response

is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 70.

71. Defendants admit the allegations in Paragraph 71 that the Forest Service has not required a permit for Idaho for Wildlife predator hunting events and has not formally request public comment on the past events. Defendants deny the remaining allegation in Paragraph 71.

72. The allegations in Paragraph 72 are vague and Defendants deny them on that basis. To the extent that the allegations in Paragraph 72 refer to prior iterations of Idaho for Wildlife predator hunting events, Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 72.

73. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 73.

74. The allegations in Paragraph 74 are Plaintiffs' predictive statements, to which no response is required. To the extent that a response is required, Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 74.

## FIRST CLAIM FOR RELIEF
## (NEPA VIOLATION)

### BLM Failed to Disclose and Analyze the Direct, Indirect, and Cumulative Effects of the Proposed Action

75. Defendants incorporate herein by reference each of the responses to each of the allegations contained in Paragraphs 1 through 74.

76. The allegations in Paragraph 76 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

77. The allegations in Paragraph 77 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants admit the allegation in Paragraph 81 that the BLM used the "state legal limit for wolf harvest as a baseline for analysis of effects to wolves." Defendants deny the remaining allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

## SECOND CLAIM FOR RELIEF
## (NEPA VIOLATION)

### BLM Failed to Consider a Reasonable Range of Alternatives

91. Defendants incorporate herein by reference each of the responses to each of the allegations contained in Paragraphs 1 through 90.

92. The allegations in Paragraph 92 constitute Plaintiffs' characterization of NEPA, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with that statute's plain language meaning, and context.

93. Defendants admit the allegations in sentence 1 in Paragraph 93. Defendants deny the allegations in sentence 2 in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

## THIRD CLAIM FOR RELIEF
## (NEPA VIOLATION)

### BLM Is Required to Prepare an EIS for a Carnivore Killing Contest Like That Proposed by IFW

96. Defendants incorporate herein by reference each of the responses to each of the allegations contained in Paragraphs 1 through 95.

97. The allegations in Paragraph 97 constitute Plaintiffs' characterization of NEPA, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with that statute's plain language meaning, and context.

98. The allegations in Paragraph 98 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

99. The allegations in Paragraph 99 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

100. The allegations in Paragraph 100 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants admit the allegations in sentences 1, 2, and 3 in Paragraph 102. Defendants deny the allegations in sentence 4 in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

## FOURTH CLAIM FOR RELIEF
## (APA VIOLATION)

### The Forest Service's Decision That a Permit Is Not Required Is Arbitrary and Capricious, Not in Accordance with Law, and Made Without Observance of Procedure.

108. Defendants incorporate herein by reference each of the responses to each of the allegations contained in Paragraphs 1 through 107.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in sentence 1 in Paragraph 110. The allegations in sentence 2 in Paragraph 110 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context. Defendants deny the allegations in sentence 3 in Paragraph 110.

111. The allegations in Paragraph 111 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

112. The allegations in Paragraph 112 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context.

113. The allegations in sentence 1 in Paragraph 113 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context. Defendants deny the allegations in sentences 2, 3, 4, 5, and 6 in Paragraph 113.

114. The allegations in sentence 1 in Paragraph 114 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context. Defendants deny the allegations in sentences 2 and 3 in Paragraph 114.

115. The allegations in sentence 1 in Paragraph 115 constitute Plaintiffs' characterization of certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with those regulations' plain language meaning, and context. Defendants deny the allegations in sentences 2 and 3 in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

## FIFTH CLAIM FOR RELIEF (NEPA VIOLATION)

### The Forest Service Failed to Take a Hard Look at Impacts to the Environment

120. Defendants incorporate herein by reference each of the responses to each of the allegations contained in Paragraphs 1 through 119.

121. The allegations in sentence 1 in Paragraph 121 constitute Plaintiffs' characterization of NEPA and certain federal regulations, to which no response is required. To the extent that a response is required, Defendants deny any allegation inconsistent with that statute and those regulations' plain language meaning, and context.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

The remaining numbered paragraphs of the Complaint consist of Plaintiffs' prayer for relief, which requires no response. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Defense

The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.


**Third Defense**

Plaintiffs lack standing to bring some or all of their claims.

**Fourth Defense**

Some or all of Plaintiffs' claims in this action are moot.

**Fifth Defense**

Some or all of Plaintiffs' claims in this action are not ripe.

**Sixth Defense**

Some or all of Plaintiffs' claims in this action are barred by reason of the failure to exhaust administrative remedies.

**Seventh Defense**

Plaintiffs' claims against the Forest Service are barred by the doctrine of *res judicata*, either claim preclusion or issue preclusion or both.

Wherefore, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for the Defendants, and that the Court order such other and further relief as the Court deems appropriate.

Dated this 30th day of March, 2015.

WENDY J. OLSON
UNITED STATES ATTORNEY
By

/s/ Joshua D. Hurwit________________________
JOSHUA D. HURWIT
ASSISTANT UNITED STATES ATTORNEY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2015, the foregoing **ANSWER** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Celeste K. Miller
ck@mcdevitt-miller.com

McDevitt & Miller, LLP
P.O. Box 2564
Boise, ID 83701

Laura King
king@westernlaw.org

Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601

John R. Mellgren
mellgren@westernlaw.org

Western Environmental Law Center
1216 Lincoln Street
Eugene, OR 97401

Andrea Lynn Santarsiere
asantarsiere@biologicaldiversity.org

Center for Biological Diversity
P.O. Box 469
Victor, ID 83455

/s/ Kathy Sims______________________________
Kathy Sims