WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
**JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527**
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1414
Email: Joshua.Hurwit@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, CASCADIA WILDLANDS, BOULDER-WHITE CLOUDS COUNCIL, KOOTENAI ENVIRONMENTAL ALLIANCE, PREDATOR DEFENSE, CENTER FOR BIOLOGICAL DIVERSITY, WESTERN WATERSHEDS PROJECT AND PROJECT COYOTE,<br><br>Plaintiffs,<br><br>v.<br><br>JOE KRAAYENBRINK, in his official capacity; UNITED STATES BUREAU OF LAND MANAGEMENT, a federal agency; CHARLES A. MARK, in his official capacity; and UNITED STATES FOREST SERVICE, a federal agency,<br><br>Defendants. | Case No. 1:14-CV-00488-REB<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' PURPORTED NOTICE OF WITHDRAWAL** |

Defendants oppose Plaintiffs Boulder-White Clouds Council and Predator Defense ("the Dismissing Plaintiffs") filing labeled a "Notice of Withdrawal" (ECF No. 31) (the "Notice"). The Dismissing Plaintiffs' unilateral attempt to withdraw appears to be an attempt to avoid discovery obligations.

On March 30, 2015, this Court allowed discovery on *res judicata* over the Plaintiffs' objection. (Case Management Order, ECF No. 28 at ¶ 3.) Defendants promptly served discovery on April 3, 2015. After the parties engaged in a lengthy meet and confer process regarding Defendants' discovery requests, Defendants agreed to narrow the requests and agreed to extend the time for Plaintiffs to respond until June 3, 2015. On June 2, the Dismissing Plaintiffs filed their Notice. On June 3, the other Plaintiffs responded to the Defendants' interrogatories but refused to produce any documents in response to Defendants' requests for production of documents.[1] The Dismissing Plaintiffs did not respond at all, apparently believing that their "notice" meant that they no longer had discovery obligations. The Dismissing Plaintiffs' Notice fails to comply with the Federal Rules of Civil Procedure and highlights the need for discovery regarding Defendant United States Forest Service's (the "Forest Service") *res judicata* defense.

The Federal Rules allow the Court to impose restrictions on a plaintiff's ability unilaterally to withdraw from an action, particularly after an answer has been filed and discovery is due. Such restrictions are designed to allow courts to dissuade plaintiffs from inappropriately resisting discovery and increasing costs by dismissing and then re-filing suits. The Court should construe Dismissing Plaintiffs' Notice as a motion for voluntary dismissal under Federal Rule of

---

[1] Plaintiffs have informed Defendants that a motion for a protective order is forthcoming. Defendants did respond to Defendants' interrogatories, and Defendants are currently reviewing those responses to determine if they are adequate.

**DEFENDANTS' OBJECTION TO PLAINTIFFS' PURPORTED NOTICE OF WITHDRAWAL - 2**

Civil Procedure 41(a)(2), and require the Dismissing Plaintiffs to respond to the outstanding discovery, which is currently overdue.

## BACKGROUND

In this action, Plaintiffs have sued the Bureau of Land Management (the "BLM") and the Forest Service regarding their actions related to the 2015 "Predator Derby."[2] Of the eight Plaintiffs in this lawsuit, four already sued the Forest Service regarding its decision on the 2013 "Predator Derby" (the "2013 Action"). In the 2013 Action, Judge Dale denied the Plaintiffs' motion for a temporary restraining order to stop the 2013 Derby. *See* (Case No. 13-CV-00533-CWD, Mem. Decision and Order, Dec. 27, 2013, ECF No. 23.) The Plaintiffs then dismissed the case (prior to an answer being filed). Based on Judge Dale's decision, the Forest Service intends to move for summary judgment on the ground that Plaintiffs' claims are barred by *res judicata*, among other defenses.

To support its *res judicata* defense, the Forest Service asked the Court to allow discovery into whether privity exists between the four original Plaintiffs in the 2013 Action and the four new Plaintiffs in this action. On March 30, 2015, the Court ordered that Plaintiffs respond to discovery on the issue of *res judicata*. (ECF No. 28 at ¶ 3.) Defendants promptly served discovery on April 3, 2015. Defendants later narrowed those requests after lengthy meet and confer negotiations. At the end of those negotiations, Defendants also gave Plaintiffs an extension of time to respond to discovery to June 3, 2015. At no time before June 3, 2015, did any of the plaintiffs indicate that they would refuse to produce documents. On June 3, 2015, however, *all* of the Plaintiffs refused to produce responsive documents related to the privity

---

[2] The 2015 Derby occurred at the beginning of January; the 2013 Derby occurred at the end of December.

prong of the *res judicata* defense. The Dismissing Plaintiffs filed their Notice and refused to respond to any discovery at all.

While Defendants cannot predict what discovery will show, the timing of the Dismissing Plaintiffs' Notice raises questions. Are they are seeking to prevent Defendants from obtaining documents relevant to the *res judicata* defense? Are they seeking to withdraw now in the hope that they can sue the Forest Service regarding in the future without being barred by *res judicata*? Defendants are not sure. But the Federal Rules place limits on a plaintiff's ability to abandon litigation midstream precisely because of questions like these.

## ARGUMENT

The Dismissing Plaintiffs' Notice cites no Federal Rule of Civil Procedure (and Defendants are aware of no rule) or authority (and the Defendants are aware of no authority) that allows them unilaterally to withdraw from the case at this stage and to unilaterally modify the pleadings as they seek to do. As discussed below, Federal Rule of Civil Procedure 41, which provides for "Dismissal of Actions," seems to control in these circumstances.[3] Defendants thus urge the Court to treat Dismissing Plaintiffs' Notice as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) and either to decline to allow Plaintiffs to withdraw at this time or to impose reasonable conditions to withdrawal.[4]

---

[3] The Rules also permit the Court to drop some plaintiffs under Rules 15 and 21. *See* Charles Alan Wright, Arthur L. Miller, et al., *Federal Practice and Procedure* § 2362 (3d ed. 2015). However, the Dismissing Plaintiffs have similarly failed to move for relief under those Rules. And under those Rules, the Court may similarly impose appropriate terms.

[4] *See, e.g.*, *Rady Children's Hosp., San Diego v. Serv. Emps. Int'l Union,* No. 07CV1173 BTM, 2008 WL 5712653, at *1 (S.D. Cal. May 5, 2008) ("The Court construes the notice of withdrawal as a request to voluntarily dismiss the First Amended Complaint."); *Staup v. Wachovia Bank, N.A.*, No. 07-60094, 2007 WL 1239210, at *1 (S.D. Fla. Apr. 27, 2007) (same); *Throckmorton v. State Auto Ins. Co.*, No. 5:13-059-DCR, 2013 WL 2257702, at *1 (E.D. Ky.

Under Rule 41, a plaintiff may voluntarily dismiss its action *before* a defendant has answered. FED. R. CIV. P. 41(a). *After* a defendant has answered, however—something Defendants did in March—a plaintiff may dismiss only upon stipulation of dismissal by all parties who have appeared *or* by Court order. FED. R. CIV. P. 41(a); (ECF No. 27.) Here, the Dismissing Plaintiffs have neither sought a stipulation nor submitted a motion for voluntary dismissal, and have thus failed to comply with Rule 41.

Under Rule 41, the Court may dismiss a plaintiff "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Here, at minimum, just terms include requiring the Dismissing Plaintiffs to respond to the discovery pending at the time they filed their Notice of Withdrawal and, if they choose ultimately to re-file, to pay the costs required by Rule 41(d). *See* 9 Charles Alan Wright, Arthur L. Miller, et al., *Federal Practice and Procedure* § 2366 (3d ed. 2015) ("the district court may allow voluntary dismissal on the condition that plaintiff produce documents").

Defendants are seeking to determine whether privity exists between the 2013 plaintiffs and the new 2015 plaintiffs, and the Court allowed for that discovery in March. (ECF No. 28 at ¶ 3.) Even if the Dismissing Plaintiffs are dismissed, discovery is still relevant to the Forest Service's potential *res judicata* defense. Withdrawing Plaintiff Boulder White-Cloud Council was a plaintiff in both the 2013 and 2015 actions, so to the extent that Boulder White-Cloud

---

May 22, 2013) (treating plaintiffs' notice of withdrawal as a motion to dismiss under Rule 41(a)(2)).
    The Dismissing Plaintiffs have suggested that because Rule 41 applies to the dismissal of "an action," it does not apply to this case, where only some of the plaintiffs seek to withdraw. As an initial matter, here the Dismissing Plaintiffs are dismissing *their* actions, and so this is a distinction without a difference. Furthermore, "the sounder view and the weight of judicial authority are to the contrary." 9 Charles Alan Wright, Arthur L. Miller, et al., *Federal Practice and Procedure* § 2362 (3d ed. 2015).

**DEFENDANTS' OBJECTION TO PLAINTIFFS' PURPORTED NOTICE OF WITHDRAWAL - 5**

Council was in privity with any of the other Plaintiffs, that would be relevant to the *res judicata* defense. Likewise, although Predator Defense is only a plaintiff in the 2015 action, its relationship with the other Plaintiffs may support the *res judicata* defense. Thus, the Dismissing Plaintiffs should be required to provide their now overdue responses to Defendants' pending discovery requests, or in the alternative, to respond to third-party subpoenas on an expedited basis.

The Court might also consider dismissing the Dismissing Plaintiffs' actions with prejudice. In determining whether to dismiss with prejudice, courts in the Ninth Circuit consider several factors including, "the defendant's effort and expense involved in preparing for trial," "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," and the plaintiff's "insufficient explanation of the need to take dismissal." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005); *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999). Here, the Dismissing Plaintiffs have failed to provide any explanation to the Court regarding any need to dismiss. And to the extent that the Dismissing Plaintiffs seek to withdraw to avoid discovery, that is not a valid justification. In *McNeal v. Chertoff*, No. 1:04-CV-78, 2005 WL 2000714 (D. Vt. Aug. 19, 2005), the district court considered a similar scenario where plaintiff sought voluntary dismissal "*on the very same date his discovery responses*" were due. *Id.* at *2. The court dismissed the plaintiff's claim with prejudice because "[t]he avoidance of discovery obligations is not an appropriate purpose for a voluntary dismissal." *Id.*; *see also In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (upholding court's dismissal *with prejudice* of action where plaintiff sought to dismiss voluntarily to avoid discovery obligations).

## CONCLUSION

The Court should treat the Dismissing Plaintiffs' notice of withdrawal as a motion for voluntary dismissal under Rule 41(a)(2). So construed, Defendants request that the Court deny the motion until the pending requests for discovery are satisfied. Alternatively, if the motion is granted, the Dismissing Plaintiffs should be required to respond forthwith to the now overdue discovery or should be required to respond to third-party subpoenas on an expedited basis and, if they choose to re-file, to pay costs as provided by Rule 41(d).

Respectfully submitted this 5th day of June, 2015.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

/s Joshua D. Hurwit
JOSHUA D. HURWIT
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2015, the foregoing **DEFENDANTS' OBJECTION TO PLAINTIFFS' PURPORTED NOTICE OF WITHDRAWAL** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

> Celeste K. Miller
> McDevitt & Miller, LLP
> P.O. Box 2564
> Boise, ID  83701
> ck@mcdevitt-miller.com
>
> Laura King
> Western Environmental Law Center
> 103 Reeder's Alley
> Helena, MT  59601
> king@westernlaw.org
>
> John R. Mellgren
> Western Environmental Law Center
> 1216 Lincoln Street
> Eugene, OR  97401
> mellgren@westernlaw.org
>
> Andrea Lynn Santarsiere
> Center for Biological Diversity
> P.O. Box 469
> Victor, ID  83455
> asantarsiere@biologicaldiversity.org

                                               s/ Angela Nyland
                                               Angela Nyland