# EXHIBIT 1



| United States Department of Agriculture | Forest Service | George Washington and Jefferson National Forests | 5162 Valleypointe Parkway Roanoke, VA  24019-3050 540/265-5100 |

File Code: 2700/2600
Date: November 25, 2014

Guy Dicharry
Wildlife Conservation Advocacy Southwest, Inc.
Post Office Box 2578
Los Lunas, NM 87031

Dear Mr. Dicharry:

Thank you for your letter of October 30, 2014 regarding a coyote bounty sponsored by Grayson County, Virginia.  In March of this year the Grayson County Board of Supervisors passed an ordinance that established a bounty to be paid by the county for coyotes killed within the boundaries of Grayson County, including  portions of the  Jefferson National Forest that are within the boundaries of Grayson County.

You state that you believe that the Grayson County contest (as the bounty is described in a news release) meets the definitions of "commercial use" and "recreation event" as those terms are defined in 36 CFR §251.51 and that the contest meets the definition of "special use" for the purpose of the USDA Forest Service ("FS") rules and regulations.  You further state that a "commercial use or activity" is any use or activity on National Forest System lands (a) where an entry or participation fee is charged, or (b) where the primary purpose is the sale of a good or service, and in either case, regardless of whether the use or activity is intended to produce a profit.  36 CFR §251.51.  You request that the Forest Service take the following actions: 1) Contact the contest promoter and notify the promoter that contestants are not allowed to use the lands administered by the USDA Forest Service to participate in this contest unless the promoter obtains a Special Uses Permit; or 2) Implement screening criteria appropriate under the National Environmental Policy Act (NEPA) including, but not limited to SUP application, environmental assessment (EA), proof of liability insurance, public comment, a determination whether this event serves the public interest, and whether the contest promoter should be granted an SUP.

The Forest Service recognizes the traditional jurisdiction and responsibilities of the States with respect to management of wildlife and fish populations.  Federal regulations provide that the Forest Service shall work cooperatively with States to formulate plans for securing and maintaining desirable populations of wildlife species on NFS lands and for the orderly removal of wildlife from NFS lands in accordance with the requirements of State law.  The Forest Service has been coordinating with the Virginia Department of Game and Inland Fisheries regarding Grayson County's ordinance.

The Forest Service's regulations provide that all uses of NFS lands are designated as "special uses" and must be authorized by the Forest Service through issuance of a special use authorization, subject to enumerated exceptions.  36 CFR 251.50(a).  One of the enumerated exceptions from the requirement for a special use authorization is for noncommercial recreational activities, such as hunting and fishing.  36 CFR 251.50(c).  There are other exceptions for uses with nominal effects on NFS lands and uses that are adequately regulated by

 Caring for the Land and Serving People  Printed on Recycled Paper

State agencies.  36 CFR 251.50(e)(1) and (e)(2).  Forest Service regulations at 36 CFR 261.10(k) prohibit use and occupancy of NFS lands without a special use authorization when an authorization is required.

To determine whether the Forest Service requirement for a special use authorization applies, we must first evaluate whether the County ordinance involves use and occupancy of NFS lands, and if so, whether any of the exceptions to the special use authorization requirement apply.  Hunting of coyotes in the Commonwealth of Virginia is regulated under the hunting and trapping regulations authorized under the Code of Virginia and managed by the Virginia Department of Game and Inland Fisheries.  Grayson County is authorized under the Code of Virginia to establish bounties.  The purpose of the bounty is to attempt to control the population of coyotes in the county.  Under these circumstances, the County's ordinance is an exercise of delegated State authority addressing a wildlife management matter.  The bounty is not associated with a contest.  Therefore, the ordinance does not authorize an activity that is subject to the requirement for a special use authorization under the Forest Service's regulations.

Even if the ordinance authorized a contest, to the extent the activity took place on NFS lands, it would be exempt from the special use authorization requirement as a noncommercial recreational activity, as an activity that is adequately regulated by a State agency, and possibly as an activity with nominal effects on NFS lands.  The Forest Service typically does not regulate hunting activities on NFS lands. Hunting of wildlife on NFS lands and associated practices are subject to State laws and regulations, except when in conflict with federal laws and regulations or the applicable land management plan.  The hunting activities on NFS lands that will be covered by the County ordinance will be subject to State laws and regulations and will not conflict with federal laws and regulations or the Jefferson National Forest land management plan.

Thank you for your interest in the management of the Jefferson National Forest.


Sincerely,


*/s/ H. Thomas Speaks, Jr.*
H. THOMAS SPEAKS, JR.
Forest Supervisor