# EXHIBIT 6

| | | |
|---|---|---|
| United States Department of Agriculture | Forest Service | Nez Perce-Clearwater National Forests Forest Supervisor's Office    903 3rd Street Kamiah, ID  83536 Telephone: 208-935-2513 Fax: 208-935-4275 Grangeville Office: 208-983-1950 |

**File Code:** 2600
**Date:** July 29, 2014

Brad Smith & John Robison
Idaho Conservation League
PO Box 2308
Sandpoint, ID 83864

Dear Mr. Smith & Mr. Robinson:

I am responding to your letter dated June 13, 2014, in which you contend that furbearer trapping on National Forest System lands in Idaho is a commercial activity that should be regulated by the Forest Service under the special use regulations at 36 CFR Part 251, Subpart B.  You assert that the Forest Service is "obligated to regulate commercial trapping and to impose appropriate terms and conditions on it."

Forest Service regulations at 36 CFR § 251.50 provide that:

(a) All uses of National Forest System lands, improvements, and resources, except those authorized by regulations governing sharing use of roads (§212.9); grazing and livestock use (part 222); the sale and disposal of timber and specials forest products, such as greens, mushrooms, and medicinal plants (part 223); and minerals (part 228) are designated "special uses."  Before conducting a special use, individuals or entities must submit a proposal to the authorized officer and must obtain a special use authorization from the authorized officer, unless that requirement is waived by paragraphs (c) through (e)(3) of this section.

There is no requirement to obtain a special use permit for noncommercial recreational activities, including hunting and fishing (36 CFR § 251.50(c)).  The requirement to obtain a special use authorization may also be waived if the Forest Service authorized officer determines that the proposed use will have such nominal effects on National Forest System lands, resources, or programs that it is not necessary to establish terms and conditions in a special use authorization, or if the proposed use is regulated by a State agency or another Federal agency in a manner that is adequate to protect National Forest System lands and resources and to avoid conflict with National Forest System programs or operations (36 CFR § 251.50(c)-(e)).

Commercial use or activity is defined as any use or activity on National Forest System lands (a) where an entry or participation fee is charged, or (b) where the primary purpose is the sale of a good or service (36 CFR § 251.51).

It is clear that not all trapping would be considered a commercial use or activity under Forest Service regulations.  The sale of an animal legally taken under applicable law on National Forest



Caring for the Land and Serving People    Printed on Recycled Paper



System lands do not automatically mean that the primary purpose of the activity is the sale of a good or service.

For those individuals whose activities are such that they would be deemed to be engaged in a commercial use of National Forest System lands, it is incumbent upon them to submit a proposal to the authorized officer (see 36 CFR § 251.54)  Upon receipt of a proposal to engage in commercial activity, the authorized officer will determine whether a special use permit is required to protect National Forest resources or whether the proposed activity falls within the scope of actions which do not require a special use authorization under 36 CFR § 251.50(c)-(e). Until the Forest Service receives a proposal for an activity which falls within the scope of the special use regulations, there is nothing to act upon.

Sincerely,


*/s/ Rick Brazell*
RICK BRAZELL
Forest Supervisor


cc:  Faye L Krueger
David Schmid
Christine Dawe
George M Bain
Danielle K Chi
Alan J Campbell