UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, CASCADIA WILDLANDS, BOULDER-WHITE CLOUDS COUNCIL, KOOTENAI ENVIRONMENTAL ALLIANCE, PREDATOR DEFENSE, CENTER FOR BIOLOGICAL DIVERSITY, WESTERN WATERSHEDS PROJECTS, and PROJECT COYOTE,<br><br>           Plaintiffs,<br><br>    v.<br><br>JOE KRAAYENBRINK, in his official capacity; UNITED STATES BUREAU OF LAND MANAGEMENT, a federal agency; CHARLES A. MARK, in his official capacity; and UNITED STATES FOREST SERVICE, a federal agency,<br><br>           Defendants. | Case No. 4:14-cv-00488-REB<br><br>**ORDER** |

Currently pending before the Court are Plaintiffs' Motion for Protective Order (Dkt. 33) and Plaintiffs' Predator Defense and Boulder-White Clouds Council's Motion to Withdraw (Dkt. 51). The Court heard oral argument on these motions on June 1, 2016, and this order sets forth the Court's ruling made on the record that same date.

### MOTION TO WITHDRAW

The parties stipulated on the record that the claims of Plaintiffs Predator Defense and Boulder White Clouds Council would be dismissed without prejudice. Accordingly, the Court hereby orders that Plaintiffs Predator Defense and Boulder-White Cloud Council's claims 1-4 are dismissed without prejudice.

## MOTION FOR PROTECTIVE ORDER

Plaintiffs' Motion for Protective Order seeks to limit their responses to Defendants' discovery requests related to Defendants' res judicata defense. Defendants' res judicata defense is related to earlier litigation filed in 2013, *WildEarth Guardians v. Mark*, No. 4:13-cv-0533-CWD ("*WildEarth I*"), in which the Court denied a temporary restraining order ("TRO") to enjoin the use of public lands for a coyote and wolf derby. A similar derby is the subject matter of this litigation. In *WildEarth I*, after the court denied the motion for TRO, plaintiffs filed a notice of voluntary dismissal without prejudice and the case was closed. (*WildEarth I*, Dkt. 23, 25).

As stated at the hearing, the Court finds, as a matter of law, that Defendants do not have a valid res judicata defense and, accordingly, discovery directed at proving that defense will not be allowed. Generally, during discovery, parties are entitled to any "nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed R. Civ. P. 26(b). Federal Rule of Civil Procedure 26(c) allows the court to issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" by limiting or forbidding certain discovery. Plaintiffs contend that because Defendants' res judicata defense fails as a matter of law, any discovery directed at matters related to that defense would be unduly burdensome. The Court agrees.

The elements necessary to establish a res judicata defense are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051-52 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). For purposes of this order, the Court focuses on the second element, a "final judgment on the merits." Defendants rely upon the decision issued by Judge Dale in *WildEarth I* for their res judicata defense. That

**ORDER - 2**

decision, however, dealt only with the standards applicable to the possible issuance of TRO.[1]  Although a final judgment for res judicata purposes can be any prior adjudication of an issue in another action, that decision must be one that is "sufficiently firm" to be accorded conclusive effect.  *Luben Industries, Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983).  A determination of whether a prior decision is sufficiently firm includes examination of: (1) whether the parties were fully heard; (2) whether the court supported its decision with a reasoned opinion; (3) whether the decision was subject to appeal or was in fact reviewed on appeal; and (4) whether the decision was avowedly tentative.  *Id*.

Judge Dale's decision denying a request for a TRO in *WildEarth I* was not a "final judgment" that was "sufficiently firm" for purposes of res judicata. First, the decision was made on a limited record, not a full administrative record that is the norm in Administrative Procedures Act challenges.  There was also a motion to dismiss that was filed (*see WildEarth I*, Dkt. 19), it was never fully briefed.  Nor was any administrative record prepared.  Second, the issues that were briefed and decided were handled on an expedited schedule.[2]  The complaint and motion for TRO were filed on December 23, 2013.  The order denying the TRO was filed four days later, on December 27, 2013.  After the Court denied the motion for TRO, the Plaintiffs issued a notice of voluntary dismissal on January 16, 2014.   Lastly, the standard applied in the *WildEarth I* decision was the much higher standard required to justify the injunctive relief of a TRO.  Plaintiffs were required to show: (1) A likelihood of success on the merits; (2) a likelihood of irreparable harm to them in the absence of preliminary relief; (3) that the balance of

---

[1] At the hearing, Defendants acknowledged that this is the only decision from *WildEarth I* that could arguably be given preclusive effect.

[2]  The expedited nature was necessary as the derby was set for December 28-29, 2013.

**ORDER - 3**

equities tipped in their favor; and (4) that an injunction was in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20-23 (2008). In a similar context, the Ninth Circuit has ruled that issuance of a preliminary injunction[3] is "*not* a preliminary adjudication on the ultimate merits: it is an equitable device for preserving rights pending final resolution of the dispute." *Sierra On-Line, Inc. v. Phoenix Software*, 739 F.2d 1415, 1423 (9th Cir. 1984) (emphasis added). Simply put, it is a device for preserving the status quo. *Id*. at 1422.

When deciding a motion for preliminary injunction, or TRO, the district court "is not required to make any binding findings of fact; it need only find probabilities that the necessary facts can be proved." *Id*. at 1423. This description bears to show that a decision on a TRO cannot, in any reasonable way, be found to be a "final adjudication on the merits."

Accordingly, because the Court determines that Defendants' res judicata defense would fail as a matter of law, Plaintiffs' motion for protective order as to discovery pertaining to such matters will be granted.

## ORDER

**IT IS THEREFORE ORDERED:**

1) Plaintiffs Predator Defense and Boulder-White Clouds Council's Motion to Withdraw (Dkt. 51) is GRANTED. Plaintiffs Predator Defense and Boulder-White Clouds Council's claims 1-4 are dismissed, without prejudice. The Clerk of the Court shall terminate these Plaintiffs on the

---

[3] Both preliminary injunctions and temporary restraining orders are governed by Fed. R. Civ. P. 65. The main differences between a TRO and a preliminary injunction are that a TRO can be issued without notice to the non-moving party and is limited to 14 days. Fed. R. Civ. P. 65(b). A preliminary injunction, on the other hand, may be issued only on notice to the non-moving party but may extend through trial. Fed. R. Civ. P. 65(a).

**ORDER - 4**

      docket and the caption will be revised accordingly.

2)       Plaintiffs' Motion for Protective Order (Dkt. 33) is GRANTED. Defendants are prohibited from discovery related to the res judicata defense.

DATED: **August 17, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**ORDER - 5**