# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, CASCADIA WILDLANDS, KOOTENAI ENVIRONMENTAL ALLIANCE, CENTER FOR BIOLOGICAL DIVERSITY, WESTERN WATERSHEDS PROJECT, PROJECT COYOTE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, CHARLES A. MARK, in his official capacity,<br><br>Defendants. | Case No.: 4:14-cv-00488-REB<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION FOR FEES** |

Pending is Plaintiffs' Motion for Fees on Motion for Protective Order (Dkt. 110). Having carefully considered the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## PROCEDURAL BACKGROUND

Plaintiffs, various environmental groups, sued the United States Bureau of Land Management ("BLM"), the United States Forest Service ("USFS"), and others to stop a wolf derby on public lands near Salmon, Idaho. Compl. (Dkt. 1). Defendants asserted an affirmative defense of *res judicata* based on a 2013 order of U.S. Magistrate Judge Candy W. Dale denying a temporary restraining order in a similar case. The parties' joint litigation plan acknowledged a disagreement as to whether discovery on the *res judicata* defense was appropriate. Joint Lit. Plan (Dkt. 25-1). In resolving that disagreement, this Court issued a Case Management Order providing in relevant part that "[t]he Court will allow discovery on the issue of res judicata. If Plaintiffs object to any materials being sought, they may seek a protective order." CMO ¶ 3 (Dkt.

**MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION FOR FEES – 1**

28). Subsequently, Defendants did seek discovery pertaining to a possible defense based on *res judicata*, and Plaintiffs did seek a protective order barring that discovery (Dkt. 33). After an unfortunately extended delay, the Court granted Plaintiffs' motion for protective order, holding that in this case the *res judicata* defense fails as a matter of law. Order 2 (Dkt. 91). Accordingly, the Court then barred Defendants from seeking further discovery on that topic. *Id.* at 5.

After various parties settled or withdrew, the Court ultimately resolved cross-motions for summary judgment in favor of Defendant USFS and dismissed the case (Dkts. 108, 109). The remaining Plaintiffs' appeal is pending (Dkt. 116).

At issue here is Plaintiffs' Motion for Fees on Motion for Protective Order (Dkt. 110). Plaintiffs assert that because they prevailed on their motion for protective order, they are entitled to their reasonable attorney fees and litigation expenses as a matter of right under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5). They seek a total of $137,313.27 in fees and costs[1] for litigating the motion for protective order. Mot. for Prot. Order Fees 2 (Dkt. 110).

Defendants challenge both the basis for, and the amount of, the fee request. They assert that under the circumstances of the case, the motion for protective order should be regarded as more like a motion to strike or a motion for partial summary judgment rather than a typical motion for protective order. Defs.' Opp. 7 (Dkt. 119). Alternatively, they argue that even if the motion were treated as a true motion for protective order, Plaintiffs are still not entitled to fees under Rule 37(a)(5)(A)(ii) because Defendants were both "substantially justified" in seeking the discovery and under Rule 37(a)(5)(A)(iii) because "other circumstances [would] make an award of expenses unjust." *Id.* at 8–14. Finally, they argue the requested fee amount is "grossly excessive." *Id.* at 14–17.

---

[1] As discussed below, this request was later reduced substantially.

**MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION FOR FEES – 2**

In reply, Plaintiffs offer a revised fee request that is reduced to $66,139.97, somewhat less than half the original request. Pls.' Reply Ex. 4 (Dkt. 121-4).

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(c)(3), addressing protective orders, provides that "Rule 37(a)(5) applies to the award of expenses." That Rule, in turn, provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard,[2] require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>     (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>     (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>     (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5) (footnote added).

## ANALYSIS

The Court denies Plaintiffs' Motion for Fees. Rule 37 is titled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions." At a fundamental level, there was no failure, lack of cooperation, or conduct worthy of sanctions here. The parties each had legitimate positions, and therefore also legitimate disputes, about the viability of the *res judicata* defense from the outset. The issue was properly brought before the Court at the initial scheduling conference. Plaintiffs did not convince the Court at that conference the defense was not viable,

---

[2] No oral argument was taken on the instant motion. The Rule requires "an opportunity to be heard," but "an opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

and so the Court issued a Case Management Order expressly allowing Defendant to pursue discovery on that matter. CMO (Dkt. 28).

It would be an inequitable and unusual result to allow Plaintiffs — who prevailed on the protective order motion but not in the overall case — to recover their fees for disproving Defendants' good-faith affirmative defense. The Court concludes that Defendants' discovery requests were substantially justified based on the Court's Case Management Order expressly allowing such discovery. Thus, an award of expenses under Rules 26(c)(3) and 37(a)(5) is improper under Rule 37(a)(5)(A)(ii). The Court further concludes, for the same reasons, that there are circumstances present that would make an award of expenses unjust. Thus, an award of expenses is improper under Rule 37(a)(5)(A)(iii).

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Fees on Motion for Protective Order (Dkt. 110) is **DENIED**.

DATED: January 3, 2018

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge